PILLSBURY WINTHROP SHAW PITTMAN LLP
BENJAMIN L. WEBSTER #132230
benjamin.webster@pillsbury.com
DARCY L. MUILENBURG #233787
400 Capitol Mall, Suite 1700
Sacramento, CA  95814-4419
Telephone:  (916) 329-4700
Facsimile:  (916) 441-3583

Attorneys for Defendant and Counterclaimant
NCLN 20, INC., a California corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLIEDBARTON SECURITY SERVICES LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>NCLN 20, INC., a California corporation; STEPHEN JONES, an individual; SIHAYA JONES, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. C075204 PJH<br><br>**ANSWER TO COMPLAINT AND COUNTERCLAIM OF NCLN20, INC.**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: October 11, 2007 |

Defendant NCLN20, INC. ("NCLN20") hereby responds to the Complaint ("Complaint") filed against it on October 11, 2007, by ALLIEDBARTON SECURITY SERVICES LLC ("AlliedBarton") as follows:

**THE PARTIES**

1.  Answering paragraph 1 of the Complaint, NCLN20 lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies said allegations.

2.  Answering paragraph 2 of the Complaint, NCLN20 admits that it is a business incorporated and doing business in the State of California.  NCLN20 further admits that it is in the business of providing security services.  NCLN20 further admits that

it is a minority-owned company.  Except as so admitted, NCLN20 denies the remaining allegations in paragraph 2 of the Complaint.

3. Answering paragraph 3 of the Complaint, NCLN20 admits the allegations contained therein.

4. Answering paragraph 4 of the Complaint, NCLN20 admits the allegations contained therein.

**JURISDICTION AND VENUE**

5. Answering paragraph 5 of the Complaint, NCLN20 admits the allegations contained therein.

6. Answering paragraph 6 of the Complaint, NCLN20 admits the allegations contained therein.

7. Answering paragraph 7 of the Complaint, NCLN20 admits that Sihaya Jones resides in California and is Vice President of NCLN20.  Except as so admitted, NCLN20 denies the remaining allegations in paragraph 7 of the Complaint.

**GENERAL ALLEGATIONS**

8. Answering paragraph 8 of the Complaint, NCLN20 admits that representatives of AlliedBarton initiated discussions with NCLN20 in 2006.  NCLN20 further admits that, during these discussions, AlliedBarton indicated that it desired to pursue a business relationship with NCLN20.  NCLN20 further admits that NCLN20 has bid for and been awarded a number of contracts for the provision of security services to the federal government.  Except as so admitted, NCLN20 denies the remaining allegations in paragraph 8 of the Complaint.

9. Answering paragraph 9 of the Complaint, NCLN20 admits that it decided to prepare a bid for a contract to provide armed security guard services for the United States Federal Protective Service, Immigration and Customs Enforcement, Department of Homeland Security ("DHS") at federal facilities in Arizona (the "Arizona Project"). NCLN20 further avers that it agreed to list AlliedBarton as its proposed primary subcontractor and that, should DHS award the Contract to NCLN20 and should the parties

1  execute a subcontract agreement, AlliedBarton would be entitled to approximately 49% of

2  the responsibilities and revenues received under the Arizona Project Contract.  Except as so

3  admitted, NCLN20 denies the remaining allegations in paragraph 9 of the Complaint.

4       10.    Answering paragraph 10 of the Complaint, NCLN20 admits that NCLN20

5  and AlliedBarton entered into a Teaming Agreement on or about January 11, 2007, which

6  document speaks for itself.  NCLN20 admits that the Arizona Project's total contract was

7  for approximately $27,000,000.00.  NCLN20 further admits that, should the parties have

8  executed a subcontract agreement for the Arizona Project, AlliedBarton would have been

9  entitled to approximately 49% of the responsibilities and revenues received under the

10 Arizona Project Contract.  Except as so admitted, NCLN20 denies the remaining allegations

11 in paragraph 10 of the Complaint.

12      11.    Answering paragraph 11 of the Complaint, NCLN20 lacks knowledge or

13 information sufficient to form a belief as to the truth of the allegations contained therein

14 and, on that basis, denies said allegations.

15      12.    Answering paragraph 12 of the Complaint, NCLN20 admits that DHS

16 announced the award of the contract for the Arizona Project (the "Contract") to NCLN20 in

17 or around February 2007.  Except as so admitted, NCLN20 denies the remaining allegations

18 in paragraph 12 of the Complaint.

19      13.    Answering paragraph 13 of the Complaint, NCLN20 admits that, promptly

20 after DHS announced the award of the Contract to NCLN20, it commenced activities with

21 respect to the Contract.  Except as so admitted, NCLN20 lacks knowledge or information

22 sufficient to form a belief as to the truth of the allegations contained therein and, on that

23 basis, denies said allegations.

24      14.    Answering paragraph 14 of the Complaint, NCLN20 admits the allegations

25 contained in the first, second, third, fourth, and sixth sentences.  NCLN20 avers on

26 information and belief that AlliedBarton provided Paragon Systems, Inc. ("Paragon") with

27 false and defamatory information about NCLN20's bid for the Arizona Project, which

28 Paragon included in its June 4, 2007 bid protest.  Except as so admitted and averred,

1  NCLN20 denies the remaining allegations in paragraph 14 of the Complaint.

2      15.     Answering paragraph 15 of the Complaint, NCLN20 admits that DHS placed the Arizona Project on hold during the time in which it and the GAO considered Paragon's June 4, 2007 protest. NCLN20 further admits that the GAO denied Paragon's June 4, 2007 protest, which document speaks for itself. NCLN20 further admits that, as a result of the protest denial, DHS formally awarded the Contract to NCLN20 on or about September 10, 2007. Except as so admitted, NCLN20 denies the remaining allegations in paragraph 15 of the Complaint.

      16.    Answering paragraph 16 of the Complaint, NCLN20 admits that Stephen Jones sent a letter to AlliedBarton dated September 10, 2007, which document speaks for itself. Except as so admitted, NCLN20 denies the remaining allegations in paragraph 16 of the Complaint.

      17.    Answering paragraph 17 of the Complaint, NCLN20 denies each and every allegation contained therein.

      18.    Answering paragraph 18 of the Complaint, NCLN20 admits the allegations contained therein.

      NCLN20 denies that AlliedBarton is entitled to any of the items of relief sought in the Complaint, and respectfully requests that AlliedBarton take nothing by way of its Complaint.

## COUNT ONE

      19.    Answering paragraph 19 of the Complaint, NCLN20 incorporates and repleads as though fully set forth herein each of the admissions, denials, and allegations contained in paragraphs 1 through 18 of this Answer.

      20.    Answering paragraph 20 of the Complaint, NCLN20 denies each and every allegation contained therein.

      21.    Answering paragraph 21 of the Complaint, NCLN20 denies each and every allegation contained therein.

      22.    Answering paragraph 22 of the Complaint, NCLN20 denies each and every

allegation contained therein.

23. Answering paragraph 23 of the Complaint, NCLN20 denies each and every allegation contained therein.

## COUNT TWO

24. Answering paragraph 24 of the Complaint, NCLN20 incorporates and repleads as though fully set forth herein each of the admissions, denials, and allegations contained in paragraphs 1 through 23 of this Answer.

25. Answering paragraph 25 of the Complaint, NCLN20 admits the Teaming Agreement contained an implied covenant of good faith and fair dealing. Except as so admitted, NCLN20 denies the remaining allegations in paragraph 25 of the Complaint.

26. Answering paragraph 26 of the Complaint, NCLN20 denies each and every allegation contained therein.

27. Answering paragraph 27 of the Complaint, NCLN20 denies each and every allegation contained therein.

## COUNT THREE

28. Answering paragraph 28 of the Complaint, NCLN20 incorporates and repleads as though fully set forth herein each of the admissions, denials, and allegations contained in paragraphs 1 through 27 of this Answer.

29. Answering paragraph 29 of the Complaint, NCLN20 avers that the parties entered into the Teaming Agreement, which document speaks for itself. Except as so averred, NCLN20 denies the remaining allegations in paragraph 29 of the Complaint.

30. Answering paragraph 30 of the Complaint, NCLN20 denies each and every allegation contained therein.

31. Answering paragraph 31 of the Complaint, NCLN20 lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies said allegations.

32. Answering paragraph 32 of the Complaint, NCLN20 denies each and every allegation contained therein.

1   33.   Answering paragraph 33 of the Complaint, NCLN20 denies each and every allegation contained therein.

3   34.   Answering paragraph 34 of the Complaint, NCLN20 denies each and every allegation contained therein.

5   35.   Answering paragraph 35 of the Complaint, NCLN20 denies each and every allegation contained therein.

**COUNT FOUR**

36.   Answering paragraph 36 of the Complaint, NCLN20 incorporates and repleads as though fully set forth herein each of the admissions, denials, and allegations contained in paragraphs 1 through 35 of this Answer.

37.   Answering paragraph 37 of the Complaint, NCLN20 admits the allegations contained therein, and avers that it is not obligated to issue a subcontract to AlliedBarton.

38.   Answering paragraph 38 of the Complaint, NCLN20 admits that AlliedBarton seeks a judicial determination of its rights and duties as alleged in paragraph 38 of the Complaint.  Except as so admitted, NCLN20 denies the remaining allegations in paragraph 38 of the Complaint.

39.   Answering paragraph 39 of the Complaint, NCLN20 denies each and every allegation contained therein.

40.   Answering paragraph 40 of the Complaint, NCLN20 denies each and every allegation contained therein.

**COUNT FIVE**

41.   Answering paragraph 41 of the Complaint, NCLN20 incorporates and repleads as though fully set forth herein each of the admissions, denials, and allegations contained in paragraphs 1 through 40 of this Answer.

42.   Answering paragraph 42 of the Complaint, NCLN20 admits that it is receiving monetary compensation under the Contract for the Arizona Project and that it intends to retain all such benefits.  Except as so admitted, NCLN20 denies the remaining allegations in paragraph 42 of the Complaint.

43. Answering paragraph 43 of the Complaint, NCLN20 denies each and every allegation contained therein.

**PRAYER FOR RELIEF**

WHEREFORE, NCLN20 denies that it violated any law in connection with any of its conduct about which AlliedBarton complains, and denies that AlliedBarton is entitled to prevail on any of its causes of action as alleged in the Complaint or recover any damages in any amount whatsoever. In particular,

1. NCLN20 denies that AlliedBarton is entitled to a constructive trust as alleged in paragraph 1 of AlliedBarton's prayer for relief on page 9 of the Complaint.

2. NCLN20 denies that AlliedBarton is entitled to a declaration as alleged in paragraph 2 of AlliedBarton's prayer for relief on page 9 of the Complaint.

3. NCLN20 denies that AlliedBarton is entitled to punitive or exemplary damages in any amount as alleged in paragraph 3 of AlliedBarton's prayer for relief on page 9 of the Complaint.

4. NCLN20 denies that AlliedBarton is entitled to compensatory or consequential damages in any amount as alleged in paragraph 4 of AlliedBarton's prayer for relief on page 9 of the Complaint.

5. NCLN20 denies that AlliedBarton is entitled to recover any costs as alleged in paragraph 5 of AlliedBarton's prayer for relief on page 10 of the Complaint.

6. NCLN20 denies that AlliedBarton is entitled to equitable relief in any form as alleged in paragraph 6 of AlliedBarton's prayer for relief on page 10 of the Complaint.

7. NCLN20 denies that AlliedBarton is entitled to any other or further relief as alleged in paragraph 7 of AlliedBarton's prayer for relief on page 10 of the Complaint.

**NCLN20'S DEFENSES**

**FIRST DEFENSE**

(Failure to State a Claim)

1. The Complaint, and each purported cause of action contained therein, fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

(Lack of Specificity)

2. AlliedBarton's claims are barred to the extent it has failed to plead its allegations with sufficient particularity, and to the extent that the claims are indefinite, vague, ambiguous, and/or uncertain.

**THIRD DEFENSE**

(Privilege)

3. The Complaint and the causes of action alleged therein are barred because NCLN20's alleged conduct giving rise to said Complaint was and is privileged.

**FOURTH DEFENSE**

(Unclean Hands)

4. Upon information and belief, NCLN20 alleges that the Complaint and the causes of action therein are barred by the doctrine of unclean hands.

**FIFTH DEFENSE**

(Estoppel)

5. Due to AlliedBarton's own action and inactions, and NCLN20's reasonable reliance thereon, AlliedBarton is estopped from maintaining the claim for relief set forth in the Complaint.

**SIXTH DEFENSE**

(Balancing the Equities)

6. The equities in this case weigh against the relief that AlliedBarton seeks.

**SEVENTH DEFENSE**

(Justification)

7. Both by statute and by common law, NCLN20 was justified in acting as it did. Accordingly, NCLN20 cannot be held liable for AlliedBarton's damages, if any there be.

**EIGHTH DEFENSE**

(Failure to Mitigate Damages)

8. NCLN20 is informed and believes and upon that basis alleges that AlliedBarton has failed and neglected to mitigate AlliedBarton's damages, if any there were, and to the extent of such failure to mitigate, any damages awarded to AlliedBarton under the Complaint should be reduced accordingly.

**NINTH DEFENSE**

(Good Faith)

9. NCLN20 acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by NCLN20 at the time NCLN20 so acted. Accordingly, AlliedBarton is barred, in whole or in part, from any recovery in this action.

**TENTH DEFENSE**

(Failure to Plead Facts Sufficient to Support Punitive Damages)

10. AlliedBarton is not entitled to recover any punitive or exemplary damages and any allegations with respect thereto should be stricken because AlliedBarton has failed to plead facts sufficient to support allegations of oppression, fraud, and/or malice.

**ELEVENTH DEFENSE**

(Breach by AlliedBarton)

11. Prior to any acts of NCLN20 complained of in the Complaint, AlliedBarton had breached the Teaming Agreement and obligations upon which AlliedBarton seeks damages. AlliedBarton's breach thus excused any obligation to perform that might be said to be resting on NCLN20. AlliedBarton's breach occurred when NCLN20 was performing as the parties had expressly agreed, and the breach constituted a breach of AlliedBarton's obligations in violation of contract and of the inherent covenants attached thereto, including the covenant of good faith and fair dealing.

| | |
|---|---|
| 1 | **TWELFTH DEFENSE** |
| 2 | (Unjust Enrichment) |

3    12.    AlliedBarton would be unjustly enriched if allowed to recover on this Complaint.

| | |
|---|---|
| 5 | **THIRTEENTH DEFENSE** |
| 6 | (No Causation) |

7    13.    All of the damages alleged by AlliedBarton are attributable to acts or omissions by AlliedBarton and/or by acts or omissions of persons or entities other than NCLN20.

| | |
|---|---|
| 10 | **FOURTEENTH DEFENSE** |
| 11 | (Damages Barred by Contract Terms) |

12    14.    All of the damages alleged by AlliedBarton are barred by the specific provisions of the Teaming Agreement.

| | |
|---|---|
| 14 | **FIFTEENTH DEFENSE** |
| 15 | (Reservation of Further Additional Defenses) |

16    15.    NCLN20 has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, separate defenses available. NCLN20 reserves its rights to assert additional separate defenses in the event discovery indicates they would be appropriate.

WHEREFORE, NCLN20 prays for judgment as follows:

1.    That judgment be awarded in favor of NCLN20 and against AlliedBarton, and that AlliedBarton's Complaint be dismissed in its entirety with prejudice;

2.    That AlliedBarton takes nothing by way of its Complaint;

3.    That NCLN20 be awarded its costs of suit; and

4.    That NCLN20 be awarded such other and further relief as the Court deems just and proper.

**COUNTERCLAIM**

Counterclaimant NCLN20, INC. ("NCLN20") hereby alleges Counterclaims against Counterdefendant AlliedBarton Security Services LLC ("AlliedBarton"), on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

**THE PARTIES**

1. NCLN20 is a corporation organized and existing under the laws of the State of California, with an office in Concord, California.

2. NCLN20 is informed and believes and on that basis alleges that AlliedBarton is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in King of Prussia, Pennsylvania.

**JURISDICTION AND VENUE**

3. These are counterclaims arising out of the same transactions and occurrences that are set forth in AlliedBarton's Complaint in this matter. If personal jurisdiction and venue are proper with respect to the Complaint, then they are proper with respect to these counterclaims.

4. This Court has jurisdiction over the subject matter of these counterclaims based upon diversity of citizenship and amount in controversy as required by 28 U.S.C. § 1332(a)(2). Supplemental jurisdiction is also provided by 28 U.S.C. §1367(a).

**GENERAL ALLEGATIONS**

5. NCLN20 and AlliedBarton entered into a Teaming Agreement on or about January 11, 2007. Pursuant to Article 2.1 of the Teaming Agreement, each party agreed to "use best efforts to secure award" of a contract to NCLN20 to provide armed security guard services for the United States Federal Protective Service, Immigration and Customs Enforcement, Department of Homeland Security ("DHS") at federal facilities in Arizona (the "Arizona Project").

6. On or about January 11, 2007, NCLN20 and AlliedBarton also entered into a Confidentiality Agreement. Pursuant to Section 4 of the Confidentiality Agreement, each

1  party agreed not to disclose the other party's confidential information "to any third

2  party . . . without the discloser's prior written consent." Each party received confidential

3  information from and about the other party in connection with the preparation of

4  NCLN20's bid for the Arizona Project.

5        7.       On or about January 24, 2007, NCLN20 submitted its bid for the Arizona

6  Project to DHS.

7        8.       On or about February 15, 2007, DHS awarded NCLN20 the contract for the

8  Arizona Project (the "Contract"); services under the Contract were to commence on April 1,

9  2007.

10       9.       On or about March 13, 2007, Paragon Systems, Inc. ("Paragon") filed a

11  protest with the Government Accountability Office ("GAO") against the award of the

12  Contract to NCLN20. NCLN20 is informed and believes and on that basis alleges that

13  DHS investigated the allegations in Paragon's protest and concluded that NCLN20's bid

14  was the lowest-priced among those determined to be technically equal and, on that basis,

15  again selected NCLN20 for the award.

16       10.      NCLN20 is informed and believes and on that basis alleges that Paragon

17  filed a further protest with the GAO on or about June 4, 2007. NCLN20 is informed and

18  believes and on that basis alleges that AlliedBarton provided Paragon with false and

19  defamatory information about NCLN20's bid for the Arizona Project and that that false and

20  defamatory information was included in Paragon's protest(s).

21       11.      As a result of the protest(s) filed by Paragon, DHS placed the Arizona

22  Project on hold until the GAO issued a decision on the protest(s). During this hold period,

23  NCLN20 was prevented from commencing performance under the Contract. Therefore,

24  NCLN20 did not receive any monies it would otherwise be entitled to under the Contract

25  during this time period.

26       12.      On or about September 10, 2007, the GAO issued a decision denying

27  Paragon's second protest. DHS formally awarded the Contract to NCLN20, which

28  NCLN20 accepted.

1       13.     In light of NCLN20's informed belief that AlliedBarton provided false and

2 defamatory information about NCLN20 to Paragon in connection with Paragon's protest(s)

3 with respect to the Arizona Project, and in light of AlliedBarton's refusal to provide

4 appropriate answers and assurances to NCLN20 in response to NCLN20's concerns, on

5 September 10, 2007, Stephen Jones, on behalf of NCLN20, sent AlliedBarton a letter

6 notifying AlliedBarton that NCLN20 was terminating the Teaming Agreement and would

7 not be offering it a subcontract for the Arizona Project.

8       14.     NCLN20 promptly began preparations under the Contract and, on October 1,

9 2007, commenced providing services under the Contract for the Arizona Project.

## FIRST COUNTERCLAIM

(Breach of Contract)

12       15.     NCLN20 incorporates Paragraphs 1 through 14 of its counterclaim as if fully

13 set forth herein.

14       16.     NCLN20 and AlliedBarton entered into a Teaming Agreement on or about

15 January 11, 2007, under which they agreed, inter alia, to cooperate and "use best efforts to

16 secure award" of a contract for the Arizona Project. NCLN20 and AlliedBarton also

17 entered into a Confidentiality Agreement on or about January 11, 2007, under which they

18 agreed, inter alia, not to disclose the other party's confidential information "to any third

19 party . . . without the discloser's prior written consent."

20       17.     NCLN20 performed all acts and satisfied all conditions required of it under

21 the Teaming Agreement and the Confidentiality Agreement, except as prevented or excused

22 by AlliedBarton.

23       18.     On information and belief, AlliedBarton breached its obligations under the

24 Teaming Agreement by, among other things, failing to use its best efforts to secure the

25 award of the Arizona Project contract by providing Paragon with false and defamatory

26 information about NCLN20's bid for the Arizona Project.

27       19.     On information and belief, AlliedBarton also breached its obligations under

28 the Confidentiality Agreement by, among other things, disclosing to a third party, without

1  NCLN20's authorization, confidential information about NCLN20 that NCLN20 had
2  provided to it.
3     20.   As a direct and proximate result of said breaches, NCLN20 has been
4  damaged in an amount to be proven at trial.

5                    **SECOND COUNTERCLAIM**
6              (Breach of Implied Covenant of Good Faith and Fair Dealing)

7     21.   NCLN20 incorporates Paragraphs 1 through 20 of its counterclaim as if fully
8  set forth herein.
9     22.   The Teaming Agreement and the Confidentiality Agreement entered into
10 between NCLN20 and AlliedBarton each contained an implied covenant of good faith and
11 fair dealing that neither party would do anything to deprive the other of the benefits of the
12 Agreement.
13    23.   On information and belief, AlliedBarton has breached each implied covenant
14 of good faith and fair dealing by, among other things, failing to use its best efforts to secure
15 the award of the Arizona Project contract and providing Paragon with false and defamatory
16 information about NCLN20's bid for the Arizona Project.
17    24.   As a direct and proximate result of said breaches, NCLN20 has been
18 damaged in an amount to be proven at trial.

19                    **THIRD COUNTERCLAIM**
20               (Interference with Economic Advantage)

21    25.   NCLN20 incorporates Paragraphs 1 through 24 of its counterclaim as if fully
22 set forth herein.
23    26.   On or about February 15, 2007, DHS awarded NCLN20 the Contract for the
24 Arizona Project under which NCLN20 was to commence providing services on April 1,
25 2007.
26    27.   AlliedBarton was aware of the Contract between NCLN20 and DHS because
27 the parties contemplated that NCLN20 could issue a subcontract to AlliedBarton for the
28 Arizona Project.

700860202v2                       - 14 -                    ANSWER TO COMPLAINT AND
                                                              COUNTERCLAIM
                                                              Case No. C075204

1   28.   NCLN20 is informed and believes and on that basis alleges that
2   AlliedBarton provided Paragon with false and defamatory information about NCLN20's bid
3   for the Arizona Project with the intent to harm NCLN20 and to induce DHS to repeal its
4   award of the Contract to NCLN20.

5   29.   On or about June 4, 2007, Paragon filed a protest against NCLN20's award
6   of the Contract (which NCLN20 is informed and believes contained false and defamatory
7   information about NCLN20 as provided by AlliedBarton) and, as a result, DHS and the
8   GAO placed NCLN20's Contract on hold for nearly four months while the protest was
9   investigated.

10   30.   As a proximate result of AlliedBarton's conduct leading DHS to place
11   NCLN20's Contract on hold, NCLN20 was damaged.

12   31.   NCLN20 is informed and believes that the aforementioned acts of
13   AlliedBarton were willful and malicious and NCLN20 is therefore entitled to punitive
14   damages.

## FOURTH COUNTERCLAIM

(Slander Per Se)

17   32.   NCLN20 incorporates Paragraphs 1 through 31 of its counterclaim as if fully
18   set forth herein.

19   33.   NCLN20 is informed and believes and on that basis alleges that in or around
20   June 2007, an employee or agent of AlliedBarton told Paragon, *inter alia*, that NCLN20 had
21   falsified information in its bid for the Arizona Project and that NCLN20 had also engaged
22   in improper communications with the DHS in connection therewith.

23   34.   These words were slanderous per se because they injured NCLN20's
24   business by imputing general disqualification and dishonesty.

25   35.   These words uttered were false, *inter alia*, because NCLN20 did not falsify
26   any information in connection with its bid for the Arizona Project or engage in improper
27   communications with the DHS.

28   36.   As a result of the above-described words which NCLN20 is informed and

1  believes are attributable to AlliedBarton, NCLN20 has suffered general damage to its
2  reputation.

3      37.    As a further proximate result of the above-described words, NCLN20 has
4  suffered special damages because DHS placed NCLN20's Contract on hold during the
5  investigation and consideration of the Paragon protest(s) and NCLN20 was prevented from
6  obtaining any benefits under the Contract during that time period (services under the
7  Contract originally were scheduled to begin on April 1, 2007, but in fact did not begin until
8  October 1, 2007).

9      38.    Upon information and belief, the above-described words were spoken by
10  AlliedBarton with malice in that AlliedBarton knew them to be false and spoke them
11  intending to prevent NCLN20 from receiving the benefits of the Contract for the Arizona
12  Project, and thus an award of exemplary and punitive damages is justified.

### FIFTH COUNTERCLAIM

(Declaratory Relief)

15      39.    NCLN20 incorporates Paragraphs 1 through 38 of its counterclaim as if fully
16  set forth herein.

17      40.    An actual controversy has arisen and now exists between NCLN20 and
18  AlliedBarton regarding their respective rights and duties under and in connection with the
19  Teaming Agreement.

20      41.    NCLN20 contends that it was not obligated to issue a subcontract for the
21  Arizona Project to AlliedBarton and further that it properly terminated the Teaming
22  Agreement pursuant to, <u>inter alia</u>, Articles 2.2 and 8.1(k), (m).

23      42.    On information and belief, AlliedBarton contends that NCLN20 was
24  obligated to issue it a subcontract for the Arizona Project and that NCLN20 improperly
25  terminated the Agreement.

26      43.    NCLN20 desires a judicial determination of its rights and duties under the
27  Teaming Agreement, <u>e.g.</u>, that it property terminated the Teaming Agreement.

28      44.    A judicial declaration is necessary and appropriate at this time under the

1  circumstances so that certainty may be achieved as to NCLN20's proper termination of the

2  Teaming Agreement allowing NCLN20 to proceed with carrying out its Contract for the

3  Arizona Project.

4      WHEREFORE, Counterclaimants pray for judgment as follows:

5      1.    That NCLN20 be awarded compensatory damages in an amount to be

6  proven at trial, but in any event in excess of $100,000.00;

7      2.    That NCLN20 be awarded other general and consequential damages in an

8  amount to be proven at trial;

9      3.    That NCLN20 be awarded punitive damages;

10     4.    That the Court issue a declaration that NCLN20 did not breach the Teaming

11 Agreement by refusing to offer AlliedBarton a subcontract for the Arizona Project and that

12 NCLN20, instead, properly terminated the Agreement;

13     5.    That NCLN20 be awarded costs of suit and attorneys' fees incurred in

14 connection with bringing this action; and

15     6.    That NCLN20 be awarded such other and further relief as the Court deems

16 just and proper.

17     Dated:  December 12, 2007.

18     PILLSBURY WINTHROP SHAW PITTMAN LLP
    BENJAMIN L. WEBSTER
19     DARCY L. MUILENBURG
    400 Capitol Mall, Suite 1700
20     Sacramento, CA  95814-4419

21

22     By /s/ Benjamin L. Webster

23     Attorneys for Defendant and Counterclaimant
    NCLN 20, INC., a California corporation

24

25

26

27

28