PILLSBURY WINTHROP SHAW PITTMAN LLP
BENJAMIN L. WEBSTER #132230
benjamin.webster@pillsbury.com
DARCY L. MUILENBURG #233787
400 Capitol Mall, Suite 1700
Sacramento, CA  95814-4419
Telephone:  (916) 329-4700
Facsimile:  (916) 441-3583

Attorneys for Defendants
Stephen Jones and Sihaya Jones

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLIEDBARTON SECURITY SERVICES LLC, a Delaware Limited Liability Company,<br><br>    Plaintiff,<br><br>vs.<br><br>NCLN 20, INC., a California corporation; STEPHEN JONES, an individual; SIHAYA JONES, an individual; and DOES 1 through 20, inclusive,<br><br>    Defendants. | Case No. C075204 PJH<br><br>**ANSWER TO COMPLAINT BY STEPHEN JONES AND SIHAYA JONES**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: October 11, 2007 |

Defendants STEPHEN JONES and SIHAYA JONES ("Defendants") hereby respond to the Complaint ("Complaint") filed against them on October 11, 2007, by ALLIEDBARTON SECURITY SERVICES LLC ("AlliedBarton") as follows:

**THE PARTIES**

1.   Answering paragraph 1 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny said allegations.

2.   Answering paragraph 2 of the Complaint, Defendants admit that NCLN20, Inc. ("NCLN20") is a business incorporated and doing business in the State of California. Defendants further admit that NCLN20 is in the business of providing security services.

1  Defendants further admit that NCLN20 is a minority-owned company.  Except as so
2  admitted, Defendants deny the remaining allegations in paragraph 2 of the Complaint.
3         3.      Answering paragraph 3 of the Complaint, Defendants admit the allegations
4  contained therein.
5         4.      Answering paragraph 4 of the Complaint, Defendants admit the allegations
6  contained therein.

**JURISDICTION AND VENUE**

8         5.      Answering paragraph 5 of the Complaint, Defendants admit the allegations
9  contained therein.
10        6.      Answering paragraph 6 of the Complaint, Defendants admit the allegations
11 contained therein.
12        7.      Answering paragraph 7 of the Complaint, Defendants admit that Sihaya
13 Jones resides in California and is Vice President of NCLN20.  Except as so admitted,
14 Defendants deny the remaining allegations in paragraph 7 of the Complaint.

**GENERAL ALLEGATIONS**

16        8.      Answering paragraph 8 of the Complaint, Defendants admit that
17 representatives of AlliedBarton initiated discussions with NCLN20 in 2006.  Defendants
18 further admit that, during these discussions, AlliedBarton indicated that it desired to pursue
19 a business relationship with NCLN20.  Defendants further admit that NCLN20 has bid for
20 and been awarded a number of contracts for the provision of security services to the federal
21 government.  Except as so admitted, Defendants deny the remaining allegations in
22 paragraph 8 of the Complaint.
23        9.      Answering paragraph 9 of the Complaint, Defendants admit that NCLN20
24 decided to prepare a bid for a contract to provide armed security guard services for the
25 United States Federal Protective Service, Immigration and Customs Enforcement,
26 Department of Homeland Security ("DHS") at federal facilities in Arizona (the "Arizona
27 Project").  Defendants further aver that NCLN20 agreed to list AlliedBarton as its proposed
28 primary subcontractor and that, should DHS award the Contract to NCLN20 and should the

1  parties execute a subcontract agreement, AlliedBarton would be entitled to approximately

2  49% of the responsibilities and revenues received under the Arizona Project Contract.

3  Except as so admitted, Defendants deny the remaining allegations in paragraph 9 of the

4  Complaint.

5        10.    Answering paragraph 10 of the Complaint, Defendants admit that NCLN20

6  and AlliedBarton entered into a Teaming Agreement on or about January 11, 2007, which

7  document speaks for itself.  Defendants admit that the Arizona Project's total contract was

8  for approximately $27,000,000.00.  Defendants further admit that, should the parties have

9  executed a subcontract agreement for the Arizona Project, AlliedBarton would have been

10  entitled to approximately 49% of the responsibilities and revenues received under the

11  Arizona Project Contract.  Except as so admitted, Defendants deny the remaining

12  allegations in paragraph 10 of the Complaint.

13        11.    Answering paragraph 11 of the Complaint, Defendants lack knowledge or

14  information sufficient to form a belief as to the truth of the allegations contained therein

15  and, on that basis, deny said allegations.

16        12.    Answering paragraph 12 of the Complaint, Defendants admit that DHS

17  announced the award of the contract for the Arizona Project (the "Contract") to NCLN20 in

18  or around February 2007.  Except as so admitted, Defendants deny the remaining

19  allegations in paragraph 12 of the Complaint.

20        13.    Answering paragraph 13 of the Complaint, Defendants admit that, promptly

21  after DHS announced the award of the Contract to NCLN20, it commenced activities with

22  respect to the Contract.  Except as so admitted, Defendants lack knowledge or information

23  sufficient to form a belief as to the truth of the allegations contained therein and, on that

24  basis, deny said allegations.

25        14.    Answering paragraph 14 of the Complaint, Defendants admit the allegations

26  contained in the first, second, third, fourth, and sixth sentences.  Defendants aver on

27  information and belief that AlliedBarton provided Paragon Systems, Inc. ("Paragon") with

28  false and defamatory information about NCLN20's bid for the Arizona Project, which

1  Paragon included in its June 4, 2007 bid protest. Except as so admitted and averred,

2  Defendants deny the remaining allegations in paragraph 14 of the Complaint.

3      15.    Answering paragraph 15 of the Complaint, Defendants admit that DHS

4  placed the Arizona Project on hold during the time in which it and the GAO considered

5  Paragon's June 4, 2007 protest. Defendants further admit that the GAO denied Paragon's

6  June 4, 2007 protest, which document speaks for itself. Defendants further admit that, as a

7  result of the protest denial, DHS formally awarded the Contract to NCLN20 on or about

8  September 10, 2007. Except as so admitted, Defendants deny the remaining allegations in

9  paragraph 15 of the Complaint.

10     16.    Answering paragraph 16 of the Complaint, Defendants admit that Stephen

11  Jones sent a letter to AlliedBarton dated September 10, 2007, which document speaks for

12  itself. Except as so admitted, Defendants deny the remaining allegations in paragraph 16 of

13  the Complaint.

14     17.    Answering paragraph 17 of the Complaint, Defendants deny each and every

15  allegation contained therein.

16     18.    Answering paragraph 18 of the Complaint, Defendants admit the allegations

17  contained therein.

18     Defendants deny that AlliedBarton is entitled to any of the items of relief sought in

19  the Complaint, and respectfully request that AlliedBarton take nothing by way of its

20  Complaint.

21  **<u>COUNT ONE</u>**

22     19.    Answering paragraph 19 of the Complaint, Defendants incorporate and

23  replead as though fully set forth herein each of the admissions, denials, and allegations

24  contained in paragraphs 1 through 18 of this Answer.

25     20.    Answering paragraph 20 of the Complaint, Defendants deny each and every

26  allegation contained therein.

27     21.    Answering paragraph 21 of the Complaint, Defendants deny each and every

28  allegation contained therein.

1  22. Answering paragraph 22 of the Complaint, Defendants deny each and every
2  allegation contained therein.

3  23. Answering paragraph 23 of the Complaint, Defendants deny each and every
4  allegation contained therein.

5                                         **COUNT TWO**

6  24. Answering paragraph 24 of the Complaint, Defendants incorporate and
7  replead as though fully set forth herein each of the admissions, denials, and allegations
8  contained in paragraphs 1 through 23 of this Answer.

9  25. Answering paragraph 25 of the Complaint, Defendants admit the Teaming
10 Agreement contained an implied covenant of good faith and fair dealing.  Except as so
11 admitted, Defendants deny the remaining allegations in paragraph 25 of the Complaint.

12 26. Answering paragraph 26 of the Complaint, Defendants deny each and every
13 allegation contained therein.

14 27. Answering paragraph 27 of the Complaint, Defendants deny each and every
15 allegation contained therein.

16                                        **COUNT THREE**

17 28. Answering paragraph 28 of the Complaint, Defendants incorporate and
18 replead as though fully set forth herein each of the admissions, denials, and allegations
19 contained in paragraphs 1 through 27 of this Answer.

20 29. Answering paragraph 29 of the Complaint, Defendants aver that NCLN20
21 and AlliedBarton entered into the Teaming Agreement, which document speaks for itself.
22 Except as so averred, Defendants deny the remaining allegations in paragraph 29 of the
23 Complaint.

24 30. Answering paragraph 30 of the Complaint, Defendants deny each and every
25 allegation contained therein.

26 31. Answering paragraph 31 of the Complaint, Defendants lack knowledge or
27 information sufficient to form a belief as to the truth of the allegations contained therein
28 and, on that basis, deny said allegations.

32. Answering paragraph 32 of the Complaint, Defendants deny each and every allegation contained therein.

33. Answering paragraph 33 of the Complaint, Defendants deny each and every allegation contained therein.

34. Answering paragraph 34 of the Complaint, Defendants deny each and every allegation contained therein.

35. Answering paragraph 35 of the Complaint, Defendants deny each and every allegation contained therein.

**COUNT FOUR**

36. Answering paragraph 36 of the Complaint, Defendants incorporate and replead as though fully set forth herein each of the admissions, denials, and allegations contained in paragraphs 1 through 35 of this Answer.

37. Answering paragraph 37 of the Complaint, Defendants admit the allegations contained therein, and aver that NCLN20 is not obligated to issue a subcontract to AlliedBarton.

38. Answering paragraph 38 of the Complaint, Defendants admit that AlliedBarton seeks a judicial determination of its rights and duties as alleged in paragraph 38 of the Complaint.  Except as so admitted, Defendants deny the remaining allegations in paragraph 38 of the Complaint.

39. Answering paragraph 39 of the Complaint, Defendants deny each and every allegation contained therein.

40. Answering paragraph 40 of the Complaint, Defendants deny each and every allegation contained therein.

**COUNT FIVE**

41. Answering paragraph 41 of the Complaint, Defendants incorporate and replead as though fully set forth herein each of the admissions, denials, and allegations contained in paragraphs 1 through 40 of this Answer.

42. Answering paragraph 42 of the Complaint, Defendants admit that NCLN20

1  is receiving monetary compensation under the Contract for the Arizona Project and that

2  NCLN20 intends to retain all such benefits.  Except as so admitted, Defendants deny the

3  remaining allegations in paragraph 42 of the Complaint.

4      43.     Answering paragraph 43 of the Complaint, Defendants deny each and every

5  allegation contained therein.

**PRAYER FOR RELIEF**

7  WHEREFORE, Defendants deny that they violated any law in connection with any

8  of their conduct about which AlliedBarton complains, and deny that AlliedBarton is entitled

9  to prevail on any of its causes of action as alleged in the Complaint or recover any damages

10  in any amount whatsoever.  In particular,

11     1.     Defendants deny that AlliedBarton is entitled to a constructive trust as

12  alleged in paragraph 1 of AlliedBarton's prayer for relief on page 9 of the Complaint.

13     2.     Defendants deny that AlliedBarton is entitled to a declaration as alleged in

14  paragraph 2 of AlliedBarton's prayer for relief on page 9 of the Complaint.

15     3.     Defendants deny that AlliedBarton is entitled to punitive or exemplary

16  damages in any amount as alleged in paragraph 3 of AlliedBarton's prayer for relief on

17  page 9 of the Complaint.

18     4.     Defendants deny that AlliedBarton is entitled to compensatory or

19  consequential damages in any amount as alleged in paragraph 4 of AlliedBarton's prayer

20  for relief on page 9 of the Complaint.

21     5.     Defendants deny that AlliedBarton is entitled to recover any costs as alleged

22  in paragraph 5 of AlliedBarton's prayer for relief on page 10 of the Complaint.

23     6.     Defendants deny that AlliedBarton is entitled to equitable relief in any form

24  as alleged in paragraph 6 of AlliedBarton's prayer for relief on page 10 of the Complaint.

25     7.     Defendants deny that AlliedBarton is entitled to any other or further relief as

26  alleged in paragraph 7 of AlliedBarton's prayer for relief on page 10 of the Complaint.

27

28

**DEFENDANTS' DEFENSES**

**FIRST DEFENSE**

(Failure to State a Claim)

1. The Complaint, and each purported cause of action contained therein, fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

(Lack of Specificity)

2. AlliedBarton's claims are barred to the extent it has failed to plead its allegations with sufficient particularity, and to the extent that the claims are indefinite, vague, ambiguous, and/or uncertain.

**THIRD DEFENSE**

(Privilege)

3. The Complaint and the causes of action alleged therein are barred because Defendants' alleged conduct giving rise to said Complaint was and is privileged.

**FOURTH DEFENSE**

(Unclean Hands)

4. Upon information and belief, Defendants allege that the Complaint and the causes of action therein are barred by the doctrine of unclean hands.

**FIFTH DEFENSE**

(Estoppel)

5. Due to AlliedBarton's own action and inactions, and Defendants' reasonable reliance thereon, AlliedBarton is estopped from maintaining the claim for relief set forth in the Complaint.

**SIXTH DEFENSE**

(Balancing the Equities)

6. The equities in this case weigh against the relief that AlliedBarton seeks.

**SEVENTH DEFENSE**

(Justification)

7.   Both by statute and by common law, Defendants were justified in acting as they did. Accordingly, Defendants cannot be held liable for AlliedBarton's damages, if any there be.

**EIGHTH DEFENSE**

(Failure to Mitigate Damages)

8.   Defendants are informed and believe and upon that basis allege that AlliedBarton has failed and neglected to mitigate AlliedBarton's damages, if any there were, and to the extent of such failure to mitigate, any damages awarded to AlliedBarton under the Complaint should be reduced accordingly.

**NINTH DEFENSE**

(Good Faith)

9.   Defendants acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by Defendants at the time Defendants so acted. Accordingly, AlliedBarton is barred, in whole or in part, from any recovery in this action.

**TENTH DEFENSE**

(Failure to Plead Facts Sufficient to Support Punitive Damages)

10.  AlliedBarton is not entitled to recover any punitive or exemplary damages and any allegations with respect thereto should be stricken because AlliedBarton has failed to plead facts sufficient to support allegations of oppression, fraud, and/or malice.

**ELEVENTH DEFENSE**

(Unjust Enrichment)

11.  AlliedBarton would be unjustly enriched if allowed to recover on this Complaint.

**TWELFTH DEFENSE**

(No Causation)

12. All of the damages alleged by AlliedBarton are attributable to acts or omissions by AlliedBarton and/or by acts or omissions of persons or entities other than Defendants.

**THIRTEENTH DEFENSE**

(Reservation of Further Additional Defenses)

13. Defendants have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, separate defenses available. Defendants reserve their rights to assert additional separate defenses in the event discovery indicates they would be appropriate.

WHEREFORE, Defendants pray for judgment as follows:

1. That judgment be awarded in favor of Defendants and against AlliedBarton, and that AlliedBarton's Complaint be dismissed in its entirety with prejudice;

2. That AlliedBarton takes nothing by way of its Complaint;

3. That Defendants be awarded their costs of suit; and

4. That Defendants be awarded such other and further relief as the Court deems just and proper.

Dated: December 12, 2007.

PILLSBURY WINTHROP SHAW PITTMAN LLP
BENJAMIN L. WEBSTER
DARCY L. MUILENBURG
400 Capitol Mall, Suite 1700
Sacramento, CA  95814-4419


By /s/ Benjamin L. Webster

Attorneys for Defendants
STEPHEN JONES and SIHAYA JONES