KATTEN MUCHIN ROSENMAN LLP
Alan D. Croll (SBN 035893)
Jeremy J.F. Gray (SBN 150075)
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: 310.788.4400
Facsimile: 310.788.4471

Attorneys for Plaintiff ALLIEDBARTON
SECURITY SERVICES LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLIEDBARTON SECURITY SERVICES LLC, a Delaware Limited Liability Company,<br><br>    Plaintiff,<br><br>vs.<br><br>NCLN 20, INC., a California corporation; STEPHEN JONES, an individual; SIHAYA JONES, an individual; and DOES 1 through 20, inclusive,<br><br>    Defendants. | **CASE NO: C075204 PJH**<br><br>**ANSWER TO DEFENDANT'S COUNTERCLAIM** |

Plaintiff AlliedBarton Security Services LLC ("AlliedBarton") hereby responds to the Counterclaim by defendant NCLN20, Inc. ("NCLN20") as follows:

## THE PARTIES

1. AlliedBarton is informed and believes that the allegations in paragraph 1 are true, and, on that basis, admits the allegations in paragraph 1.

2. AlliedBarton admits the allegations in paragraph 2.

## JURISDICTION AND VENUE

3. AlliedBarton admits the allegations in paragraph 3.

4. The allegations in paragraph 4 are legal conclusions to which no response is required.

## GENERAL ALLEGATIONS

5. Responding to paragraph 5, AlliedBarton responds that the description of the Teaming Agreement (a document which speaks for itself) is incomplete, as are the allegations concerning the contractual relationship between AlliedBarton and NCLN20. Subject to the foregoing, AlliedBarton admits the allegations in paragraph 5.

6. Responding to paragraph 6, AlliedBarton admits that AlliedBarton and NCLN20 entered into a Confidentiality Agreement on or about January 11, 2007, and that such agreement contains a "Section 4" which is accurately quoted, in part, in paragraph 6 of the Counterclaim. The remaining allegations in paragraph 6 are too vague and ambiguous for AlliedBarton to form a response, and, on that basis, AlliedBarton denies the remaining allegations in paragraph 6.

7. Responding to paragraph 7, AlliedBarton admits that on or about January 24, 2007, NCLN20 submitted a bid for the Arizona Project, which bid was the joint effort of AlliedBarton and NCLN20.

8. AlliedBarton admits the allegations in paragraph 8.

9. Responding to paragraph 9, AlliedBarton admits that sometime in the first half of March 2007 Paragon Systems, Inc. ("Paragon") allegedly protested the award of the Contract to NCLN20. AlliedBarton is informed and believes that the Department of Homeland Security ("DHS") investigated the protest and thereafter elected not to change its original decision to award the Contract to NCLN20. AlliedBarton lacks sufficient knowledge or information to form a belief as to the truth

of the remaining allegations in paragraph 9, and, on that basis, denies the remaining allegations in paragraph 9.

10. Responding to paragraph 10, AlliedBarton admits that it is informed and believes that Paragon filed a second protest in connection with the Contract. Except as expressly admitted above, AlliedBarton denies each and every remaining allegation in paragraph 10.

11. Responding to paragraph 11, AlliedBarton is informed and believes the allegations in the first sentence of paragraph 11 are correct. Other that expressly admitted above, AlliedBarton denies each and every remaining allegation in paragraph 11.

12. AlliedBarton admits the allegations in paragraph 12.

13. Responding to paragraph 13, AlliedBarton admits that Stephen Jones, on behalf of NCLN20, sent a letter to AlliedBarton dated September 10, 2007 in which Mr. Jones notified AlliedBarton that NCLN20 was terminating the Teaming Agreement, and, that NCLN20 would not offer AlliedBarton a subcontract. Other than expressly admitted above, AlliedBarton denies each and every remaining allegation in paragraph 13.

14. Responding to the allegations in paragraph 14, AlliedBarton is informed and believes that the allegations in paragraph 14 are true, and, on that basis, admits the allegations in paragraph 14.

## FIRST COUNTERCLAIM
### (Breach of Contract)

15. Responding to paragraph 15, AlliedBarton incorporates its responses to paragraphs 1-14 above as if set forth in full here.

16. Responding to paragraph 16, AlliedBarton incorporates by reference its responses to paragraphs 5 and 6 above as if set forth fully here.

17. AlliedBarton denies the allegations in paragraph 17.

18. AlliedBarton denies the allegations in paragraph 18.

19. AlliedBarton denies the allegations in paragraph 19.

20. AlliedBarton denies the allegations in paragraph 20.

## SECOND COUNTERCLAIM

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

21. Responding to paragraph 21, AlliedBarton incorporates its responses to paragraphs 1-20 above as if set forth in full here.

22. Responding to paragraph 22, AlliedBarton responds that the allegations therein are legal conclusions to which no response is required.

23. AlliedBarton denies the allegations in paragraph 23.

24. AlliedBarton denies the allegations in paragraph 24.

## THIRD COUNTERCLAIM

### (Interference with Economic Advantage)

25. Responding to paragraph 25, AlliedBarton incorporates its responses to paragraphs 1-24 above as if set forth in full here.

26. AlliedBarton admits the allegations in paragraph 26.

27. Responding to paragraph 27, AlliedBarton admits that it was aware of the Contract between NCLN20 and DHS, and, AlliedBarton also admits that NCLN20 had a contract with AlliedBarton which required NCLN20 to issue a subcontract to AlliedBarton. Other than admitted above, AlliedBarton denies all of the remaining allegations and characterizations in paragraph 27.

28. AlliedBarton denies the allegations in paragraph 28.

29. AlliedBarton admits that Paragon filed a protest against the award of the Contract to NCLN20 and that the start date for the project was delayed. Other than expressly admitted above, AlliedBarton denies all of the remaining allegations in paragraph 29.

30. AlliedBarton denies the allegations in paragraph 30.

31. AlliedBarton denies the allegations in paragraph 31.

## FOURTH COUNTERCLAIM

### (Slander per se)

32.  Responding to paragraph 32, AlliedBarton incorporates its responses to paragraphs 1-31 above as if set forth in full here.

33.  AlliedBarton denies the allegations in paragraph 33.

34.  AlliedBarton denies the allegations in paragraph 34.

35.  AlliedBarton denies the allegations in paragraph 35.

36.  AlliedBarton denies the allegations in paragraph 36.

37.  AlliedBarton denies the allegations in paragraph 37.

38.  AlliedBarton denies the allegations in paragraph 38.

## FIFTH COUNTERCLAIM

### (Declaratory Relief)

39.  Responding to paragraph 39, AlliedBarton incorporates its responses to paragraphs 1-38 above as if set forth in full here.

40.  AlliedBarton admits the allegations in paragraph 40.

41.  Responding to paragraph 41, AlliedBarton responds that the allegations therein are legal conclusions to which no response is required.

42.  AlliedBarton admits the allegations in paragraph 42.

43.  AlliedBarton is without sufficient knowledge or information to form a belief as to the nature of NCLN20's "desires" and on that basis denies the allegations in paragraph 43.

44.  Responding to paragraph 44, AlliedBarton admits that a judicial determination that NCLN20 improperly terminated the Teaming Agreement is required, but denies the remaining allegations in paragraph 44.

45.  Responding to NCLN20's prayer for judgment (paragraphs 1-6), AlliedBarton denies that NCLN20 is entitled to any relief (including, without limitation, damages, costs, attorneys' fees, and/or punitive damages), and/or declaratory relief, or has been damaged or injured in any way or in any amount.

COUNTERCLAIM - ANSWER

31410469v1

## ALLIEDBARTON'S DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. The Counterclaim, and each purported claim therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Specificity)

2. NCLN20's claims and in particular the claim for slander, are barred, because each and all fail to plead the underlying allegations with sufficient particularity thus rendering the claim(s) indefinite, vague, ambiguous, and/or uncertain.

### THIRD AFFIRMATIVE DEFENSE
### (Privilege)

3. The Counterclaim, and in particular the claim for slander, is/are barred because the alleged conduct by AlliedBarton was, and is, privileged because, among other reasons, any allegedly slanderous statements were made in connection with a government proceeding and/or between interested parties. (California Civil Code section 47.)

### FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

4. The Counterclaim, and in particular the claim for slander, is barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

5. NCLN20 is barred from seeking or obtaining the equitable and other relief sought in the Counterclaim by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

## (Failure to Mitigate Damages)

6. Any damages sought or recovered by NCLN20 in this matter are either barred, or must be reduced because of its failure to mitigate its alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

## (Laches)

7. NCLN20's claims are barred by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

## (Waiver)

8. NCLN20's claims are barred by the doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE

## (Offset)

9. Any damages recovered by NCLN20 on the Counterclaim must be offset against monies owed by NCLN20 to AlliedBarton on AlliedBarton's claims in this matter.

## TENTH AFFIRMATIVE DEFENSE

## (Causation)

10. The Counterclaim, and each cause of action contained therein, fails to constitute any claim against AlliedBarton because any injuries and/or damages allegedly sustained by NCLN20 were not the result of any acts, omissions or other conduct of AlliedBarton, but of other actors or NCLN20 itself.

## ELEVENTH AFFIRMATIVE DEFENSE

## (Punitive damages)

11. AlliedBarton is not, and cannot, be liable for punitive damages because it did not commit any alleged oppressive, willful, fraudulent or malicious acts, or authorize or ratify any such act.

31410469v1

### TWELFTH AFFIRMATIVE DEFENSE

### (Unconstitutional Punitive Damages)

12. NCLN20 is not entitled to recover any punitive or exemplary damages as prayed for in the Counterclaim on the grounds that any award of punitive or exemplary damages under California or Federal law in general and/or such an award as applied to the specific facts of this case would violate AlliedBarton's constitutional rights under the California and United States' Constitutions.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Further Additional Defenses)

13. AlliedBarton has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, separate defenses available. AlliedBarton reserves its right to assert additional separate defenses in the event discovery indicates they would be proper.

WHEREFORE, AlliedBarton prays for judgment as follows:

1. That judgment be awarded in favor of AlliedBarton and against NCLN20 and that the counterclaim be dismissed in its entirety with prejudice;

2. That NCLN20 take nothing by way of its counterclaim;

3. That AlliedBarton be awarded its costs of suit and attorney fees; and

4. That AlliedBarton be awarded such other and further relief as the Court deems just and proper.

Dated: December 26, 2007

KATTEN MUCHIN ROSENMAN LLP
Alan D. Croll
Jeremy J.F. Gray

By: _____
Jeremy J.F. Gray
Attorneys for Plaintiff ALLIEDBARTON SECURITY SERVICES LLC

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2029 Century Park East, Suite 2600, Los Angeles, California 90067.

On December 26, 2007, I served the foregoing document(s): **ANSWER TO DEFENDANT'S COUNTERCLAIM** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope, addressed as follows:

Thomas N. Makris, Esq.
Darcy L. Muilenburg, Esq.
Pillsbury Winthrop Shaw Pittman LLP
400 Capitol Mall, Suite 1700
Sacramento, CA 95814-4419

(X) By Mail. I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

( ) By Facsimile. I caused the above-referenced documents to be transmitted to the noted addressee(s) at the fax number as stated. Attached to this declaration is a "TX Confirmation Report" confirming the status of transmission.

( ) By Overnight Courier. I caused the above-referenced document(s) to be delivered to an overnight courier service (Federal Express), for delivery to the above address(es).

( ) By Personal Service. I delivered such envelope by hand to the offices of the addressee(s) listed above.

Executed on December 26, 2007, at Los Angeles, California.

( ) **STATE** I declare under the penalty of perjury under the laws of the State of California that the above is true and correct.

(X) **FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_/s/ Sylvia Forney_
Sylvia Forney