PILLSBURY WINTHROP SHAW PITTMAN LLP
BENJAMIN L. WEBSTER #132230
ben.webster@pillsbury.com
DARCY L. MUILENBURG #233787
400 Capitol Mall, Suite 1700
Sacramento, CA 95814-4419
Telephone: (916) 329-4700
Facsimile: (916) 441-3583

Attorneys for Defendant and Counterclaimant
NCLN20, INC., a California corporation, and
Defendants STEPHEN JONES and SIHAYA JONES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLIEDBARTON SECURITY SERVICES LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>NCLN 20, INC., a California corporation; STEPHEN JONES, an individual; SIHAYA JONES, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. C075204 PJH<br><br>NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>Date:      March 26, 2008<br>Time:     9:00 a.m.<br>Dept:     3<br>Judge:   Hon. Phyllis J. Hamilton<br><br>Complaint Filed: October 11, 2007 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on March 26, 2008, at 9:00 a.m. or as soon thereafter as counsel may be heard in Courtroom 3 of the United States District Court for the Northern District of California, San Francisco Division, Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury") will, and hereby does, move this Court for an order permitting Pillsbury to withdraw as counsel of record for Defendants NCLN20, INC. ("NCLN20"), STEPHEN JONES and SIHAYA JONES ("Defendants"), in the above-entitled action.

This motion is made pursuant to Local Rule 11-5 and California Rule of Professional Conduct 3-700(c)(1)(d) and (f) and is based on the grounds that:

1.   Defendants have breached an agreement with Pillsbury as to the payment of expenses and fees;

2.   Defendants have made it unreasonably difficult for Pillsbury to carry out its employment effectively; and

3.   Pillsbury's withdrawal as counsel of record will cause no substantial prejudice to Defendants or any party to the litigation.  This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Benjamin L. Webster served and filed herewith, and any additional evidence and argument that may be presented at the hearing on this Motion.

MEMORANDUM OF POINTS AND AUTHORITIES

Pillsbury seeks to be relieved as counsel of record for Defendants because Defendants breached their fee agreement and have made it unreasonably difficult for Pillsbury to carry out its employment.

The complaint in the instant action was filed by Plaintiff AlliedBarton Security Services LLC ("AlliedBarton") in October 2007, and involves allegations of breach of contract, breach of implied covenant, fraud, declaratory relief and unjust enrichment in connection with a $27,000,000.00 contract currently in place between NCLN20 and the U.S. Department of Homeland Security to provide armed guard services at various federally-owned and leased properties throughout the State of Arizona.  Pillsbury timely filed and served answers on behalf of the Defendants denying all material allegations and asserting various defenses, as well as a counterclaim on behalf of NCLN20 (alleging claims for breach of contract, breach of implied covenant, interference with economic advantage, slander and declaratory relief) on or about December 12, 2007.  Plaintiff filed an answer to NCLN20's counterclaim on or about December 27, 2007.  Declaration of Benjamin L. Webster served and filed herewith ("Webster Decl.") ¶ 3.

On or about January 2, 2008, counsel for Plaintiff and Defendants executed a stipulation to continue the Initial Case Management Conference in this matter for approximately 60 days.  The stipulation explained that the parties "have already begun

1  efforts to explore an informal resolution," and sought additional time in order to "assist [the
2  parties] in their efforts to explore an informal resolution of this matter." The Court signed
3  the stipulation and issued an Order on January 7, 2008 re-scheduling the Initial Case
4  Management Conference for March 20, 2008. Counsel for the parties met and conferred in
5  an effort to resolve the case, but were unsuccessful. Webster Decl. ¶ 4.
6      Prior to accepting the representation in this matter, Pillsbury had represented
7  NCLN20 in other matters involving labor/employment issues, including a case recently
8  resolved in the Northern District of California (Singh v. Hauser, et al., Case No. C-07-
9  2997). The Defendants' retention of Pillsbury in the instant AlliedBarton matter was
10 confirmed in a written engagement letter and fee agreement executed twice by Ms. Jones on
11 or about December 20, 2007 – once as Vice President of NCLN20 on behalf of NCLN20,
12 and again on her own behalf as an individual defendant. Webster Decl. ¶ 5.
13     Northern District of California Civil Local Rule 11-5 provides for permissive
14 withdrawal of counsel upon order of the Court, after reasonable notice is provided to the
15 client and all other parties to the case. Civil Local Rule 11-4(a) incorporates the California
16 Rules of Professional Conduct, which set forth circumstances under which permissive
17 withdrawal is appropriate. In particular, counsel may seek permission to withdraw from a
18 case in which the client "renders it unreasonably difficult for the member to carry out the
19 employment effectively" and/or "breaches an agreement or obligation to the member as to
20 expenses or fees." Rule of Professional Conduct 3-700(C)(1)(d), (f); see also Schueneman
21 v. 1st Credit of Am., LLC, No. C 05-4505, 2007 U.S. Dist. LEXIS 48981, at *23-24 (N.D.
22 Cal. July 6, 2007) (granting counsel's motion to withdraw because party breached
23 agreement to pay legal fees).
24     Pillsbury has advised Defendants Stephen Jones and Sihaya Jones, individually and
25 on behalf of NCLN20, Inc., that Pillsbury would be seeking to withdraw from all
26 representation of Stephen Jones, Sihaya Jones and NLCN20, Inc., and that Pillsbury will
27 cooperate with replacement counsel in order to effect an expeditious transition of the
28 representation. Webster Decl. ¶ 7.

700995649v1    - 3 -    NOTICE OF MOTION TO WITHDRAW AS COUNSEL; MEMO OF POINTS AND AUTHORITIES IN SUPPORT
Case No. C075204

1   Although Pillsbury cannot, in accordance with its professional and ethical duties, set
2   forth the precise reasons that have brought about this motion, both of these conditions for
3   permissive withdrawal are present. See id. ¶ 6. At the hearing on this motion counsel for
4   Pillsbury of course will respond to any questions which this Court may pose, consistent
5   with its professional and ethical duties, and will be prepared to discuss matters in chambers
6   if so requested. Because this case is still in its infancy – discovery has just commenced and
7   the Initial Case Management Conference has not yet occurred – the parties will not be
8   prejudiced by the firm's withdrawal. Pillsbury has provided Defendants with reasonable
9   notice of this Motion. Id. ¶ 7.
10      Based on the foregoing, Pillsbury Winthrop Shaw Pittman LLP respectfully requests
11  that this Court issue an order approving its withdrawal as counsel of record for Defendants
12  NCLN20, Inc., Stephen Jones and Sihaya Jones in this action.
13      Dated:  February 20, 2008

                                PILLSBURY WINTHROP SHAW PITTMAN LLP
                                BENJAMIN L. WEBSTER
                                DARCY L. MUILENBURG
                                400 Capitol Mall, Suite 1700
                                Sacramento, CA  95814-4419


                                By _____
                                        Benjamin L. Webster
                                Attorneys for Defendant and Counterclaimant
                                NCLN 20, INC., a California corporation, and
                                Defendants STEPHEN JONES and SIHAYA JONES