KATTEN MUCHIN ROSENMAN LLP
Alan D. Croll (SBN 035893)
Jeremy J.F. Gray (SBN 150075)
2029 Century Park East; Suite 2600
Los Angeles  CA 90067-3012
Telephone: 310.788.4400
Facsimile: 3l0.788.4471
Attorneys for Plaintiff, ALLIEDBARTON
SECURITY SERVICES, LLC

ALDEN KNISBACHER SBN 169705
KNISBACHER LAW OFFICES
220 Montgomery Street, Suite 961
San Francisco, CA 94104
Phone 415-522-5200  Fax: 415-522-5201

GREG GROENEVELD, SBN 163833
LAW OFFICES OF GREG GROENEVELD
220 Montgomery Street, Suite 961
San Francisco, CA 94104
Phone:  415-308-3637

Attorney for Defendant/Cross-Defendant
NCLN20, INC., STEVEN JONES, SIHAYA JONES

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLIEDBARTON, INC. | Case No. C 07 5204 PJH |
| Plaintiff, | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| vs. | |
| NCLN20, INC., STEVEN JONES, SIHAYA JONES, et al., | **Date: March 20, 2008**<br>**Time: 2:30 p.m.**<br>**Place:  Courtroom 3** |
| Defendants. | **The Honorable Phyllis J. Hamilton** |

_____/

        Pursuant to the Court's Order Setting Case Management Conference, the Parties through

their respective counsel submit the following Joint Case Management Statement.    The parties

apologize to the Court for the delayed filing but additional preparation time was required owing to

the fact that the substitution of counsel for defendants was only recently effectuated.

Jurisdiction and Service:

This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 in that there is complete

diversity of citizenship between Plaintiff ALLIEDBARTON SECURITY SERVICES LLC

("AlliedBarton") and each of the Defendants, and the amount in controversy exceeds $75,000,

exclusive of interest and costs.  The Court also has supplemental jurisdiction over the California

state law claims pursuant to 28 U.S.C. § 1338(b) and 1367(a).

No issues exist as regarding personal jurisdiction or venue.  No other parties remain to be

served.

**Facts:**

AlliedBarton's allegations:

AlliedBarton provides security services to a variety of customers.  Defendant NCLN20, Inc.

("NCLN20") is in the same business.   AlliedBarton understands that Defendants Stephen and

Sihaya Jones are principles in NCLN20.

In the second half of 2006, AlliedBarton and NCLN20 agreed that they would jointly

prepare a bid for a contract with the United States Department of Homeland Security ("DHS") to

provide armed guard services at federal facilities in Arizona (the "Arizona Project"); a contract

valued at 29,000.000.00.  On about January 11, 2007 the parties entered into a "Teaming

Agreement" regarding the Arizona Project.  NCLN20 (in its capacity as a "minority owned"

business) was the primary bidder.  Although AlliedBarton would technically work as a

subcontractor should the Arizona Project be awarded, the parties agreed that the actual division of

responsibilities, and revenues, would be almost equal (fifty-one percent for NCLN20, and forty-

*ALLIEDBARTON v. NCLN20*  Case No. C 07 5204 PJH

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

nine percent for AlliedBarton).  The Teaming Agreement provides, in Article 3.4, that if the DHS awarded a contract to NCLN20 for the Arizona Project consistent with the Bid, then NCLN20 "will issue" a subcontract to AlliedBarton.  The parties prepared and submitted a bid and DHS awarded the Arizona Project to NCLN20.  The parties began work.

However, one of the losing bidders, Paragon Systems, Inc. ("Paragon"), filed protests against the DHS's award of the Arizona Project to NCLN20 which stayed the project during an investigation.  Defendants claim that one of the purported grounds for Paragon's protest was apparently based on information about NCLN20 which Paragon claims to have learned from AlliedBarton.  Although the Government's investigation is confidential, it apparently concluded that Paragon's protest(s) were unfounded insofar as, on or about September 10, 2007, the DHS awarded the Arizona Project to NCLN20.

Notwithstanding the award to NCLN20 and AlliedBarton, on or about September 10, 2007, NCLN20's President, Mr. Jones, wrote AlliedBarton and stated that NCLN20 would be accepting the award of the Arizona Project, but that NCLN20 would not issue a subcontract to AlliedBarton.  Mr. Jones claimed in this letter that NCLN20 had decided not to issue a subcontract because NCLN20 understood that Paragon had supposedly identified AlliedBarton as the source of Paragon's purported information that NCLN20 had somehow acted inappropriately during the bid process for the Arizona Project.  Even if AlliedBarton had been the source of Paragon's protest information, which it was not, such conduct by AlliedBarton would not, could not, and did not amount to a material breach of the Teaming Agreement.  NCLN20 has now commenced work on the Arizona Project and refuses to issue a subcontract to AlliedBarton.  Such refusal has resulted in the claims and damages asserted in this litigation.

NCLN20's Allegations:

*ALLIEDBARTON v. NCLN20*  Case No. C 07 5204 PJH

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

In January, 2007, NCLN20 was approached by AlliedBarton to work towards obtaining government contracts for providing security services.  As part of those efforts, AlliedBarton requested that NCLN20 enter into one of their standard a "teaming agreements" to pursue award of a contract to the Department of Homeland Security ("DHS") for security services in the State of Arizona ("the Arizona Project.")

The "teaming agreement" by its terms, is an "agreement to agree," which gives NCLN20 broad powers to terminate, and explicitly precludes the claims for damages asserted by plaintiff. The "teaming agreement" grants NCLN20 the "exclusive right to terminate. .." if in [it's] sole judgment, [AlliedBarton] fail[ed] to diligently participate in the proposal effort."  The Agreement states that:

> IN NO EVENT SHALL EITHER PARTY BE LIABLE FOR INDIRECT, SPECIAL, PUNITIVE OR CONSEQUENTIAL DAMAGES OF ANY KIND OR NATURE WHETHER ATTRIBUTABLE TO BREACH OF THIS AGREEMENT OR OTHERWISE.  IN NO EVENT SHALL EITHER PARTY BE LIABLE TO THE OTHER FOR LOST PROFITS RESULTING FROM ALLEGED BREACH OF THIS AGREEMENT EVEN IF, UNDER APPLICABLE LAW, SUCH LOST PROFITS WOULD NOT BE CONSIDERED CONSEQUENTIAL OR SPECIAL DAMAGES.

Additionally, on or about January 11, 2007, NCLN20 and AlliedBarton entered into a "Confidentiality Agreement." Section 4 of the Confidentiality Agreement, requires each party not to disclose confidential information "to any third party . . . without the discloser's prior written consent."

*ALLIEDBARTON v. NCLN20*  Case No. C 07 5204 PJH

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

In February, 2007, the DHS awarded the contract to NCLN20. The total award amount was $3,047,352.30; with DHS allowed to exercise 4 yearly options beginning in October, 2007. Although the parties then began negotiations over issuance of a subcontract, they never reached agreement over pricing and other details.

In March, 2007. a losing bidder for the DHS Arizona contract, Paragon Systems, Inc. ("Paragon") filed a protest of the award to NCLN20. DHS issued a stop work notice while Paragon's appeal was pending. In June, 2007, Paragon filed another protest. Paragon's protests claimed that AlliedBarton had engaged in actions which were breaches of the parties' teaming agreement. According to Paragon, AlliedBarton had provided Paragon with negative information about NCLN20.

NCLN20 attempted to obtain information from AlliedBarton regarding Paragon's allegations, but AlliedBarton refused to disclose its communications. During the following months, AlliedBarton made various threats and engaged in other behavior which was detrimental to NCLN20's interests, and NCLN20 refused to offer AlliedBarton a subcontract in October, 2007. DHS denied Paragon's protests on September 10, 2007. By October, 2007, NCLN20's obligations, if any, to issue a subcontract had ended as AlliedBarton had failed to meet a 30 day negotiation deadline in the contract, and had materially breached, by interfering with NCLN20's proposal activities and post-award activities, by failing to diligently participate in the proposal effort, and by failing to respond to NCLN20's reasonable requests for information.

NCLN20 has countersued and demanded damages for AlliedBarton's breach of the teaming agreement, breach of a confidentiality agreement, and resulting damages.

**Legal Issues:**

AlliedBarton's claims:

*ALLIEDBARTON v. NCLN20* Case No. C 07 5204 PJH

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

AlliedBarton's claims in this lawsuit are for: (1) Breach of Contract; (2) Breach of Implied Covenant of Good faith and Fair Dealing; (3) Fraud; (4) Declaratory Relief; and (5) Unjust Enrichment.  Currently, AlliedBarton believes that applicable California law can, and should, guide the resolution on these issues and, at this moment, there are no disputed points of law, although as the matter proceeds some may emerge.

NCLN20'S claims:

NCLN20 counterclaims for  (1) Breach of Contract; (2) Breach of Implied Covenant of Good faith and Fair Dealing; (3) Interference with Economic Advantage; (4) Slander Per Se; and (5) Declaratory Relief.

**Motions:**

No motions are pending at this time.  In addition, although there are no current discovery disputes which appear to warrant court intervention, this possibility remains. The parties  may elect to file motion/motions for summary adjudication/judgment.

**Amendment of Pleadings:**

No amendments are anticipated at this time.

**Evidence Preservation:**

The parties have not verified their adversaries document preservation methods, but both contend they  have preserved documents as required by the federal rules.

**Disclosures:**

AlliedBarton's Position:

The parties began complying with the Federal Rule of Civil Procedure Rule 26 through prior counsel for NCLN20.  The parties are revisiting these disclosure requirements with NCLN20's new counsel and will fulfill them promptly.

*ALLIEDBARTON v. NCLN20*  Case No. C 07 5204 PJH

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

NCLN20's position:

Disclosures have not yet occurred.  Defense counsel anticipates receiving the file from former counsel by the end of this week, and would be able to schedule a Rule 26 conference in the following week.

**Discovery:**

AlliedBarton's Position:

AlliedBarton has already had its early meeting of counsel with NCLN20's prior counsel and thereafter, AlliedBarton served its first sets of requests for production of documents, requests for admission and special interrogatories.  AlliedBarton has also noticed the deposition of defendant Sihaya Jones which is pending.

In addition to any additional written discovery, AlliedBarton currently anticipates that it will depose, at least, the following persons/entities:  Stephen Jones; A representative(s) of Paragon; and A representative of DHS or another appropriate Federal official(s) familiar with the Arizona Project and/or the Paragon protest.  The parties have agreed to suspend the dates for each party to respond to written discovery previously served and/or produce any witnesses for depositions which have been noticed pending an opportunity for defendants' new counsel to obtain and review the file in this matter.  However, once the parties agree to resume discovery, it is AlliedBarton's position that the timing and order for the discovery responses must follow the agreement reached with defendants' prior counsel, Benjamin Webster of Pillsbury Winthrop Shaw Pittman.  That agreement provided that the deposition of Sihaya Jones would take place two weeks after defendants fully responded to AlliedBarton's written discovery and produced documents.  That agreement further

*ALLIEDBARTON v. NCLN20*  Case No. C 07 5204 PJH

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

provided that AlliedBarton would then respond to defendants' pending written discovery and produce responsive documents two weeks after the completion of Ms. Jones' deposition.

NCLN20's position:

New counsel are informed by prior attorney Ben Webster that there were some informal initial conversations between the Pillsbury firm and plaintiffs' counsel regarding discovery, but that no agreements were reached.  Given the lack of an agreement, discovery that plaintiff claims has already been served is improper because the Rule 26 conference has not yet occurred.

NCLN20  intends to serve a first request for production of documents, first request for admissions, and first set of special interrogatories by March 31, 2008.

NCLN20 expects to depose Mark Porterfield, John Redden, Katherine Sullivan and/or Timothy Nucci, and other witnesses who are identified in the course of discovery.

**Class Actions:**

N/A.

**Related Cases:**

N/A.

**Relief:**

AlliedBarton seeks damages for NCLN20's breach of the Teaming Agreement and defendants' fraud which will be calculated based on the lost profits and opportunities from AlliedBarton's contemplated participation in the Arizona Project absent defendants breach of contract and fraud.  AlliedBarton also seeks injunctive relief in the form of this Court's enforcement of the Teaming Agreement and AlliedBarton's reinstatement as a contractor in the Arizona Project.

*ALLIEDBARTON v. NCLN20*  Case No. C 07 5204 PJH

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

NCLN20 seeks damages for breach of the teaming agreement, for interference with economic advantage, and for slander.  The damages will be based, in part, on the delay in issuance of the contract resulting from AlliedBarton's release of confidential information to Paragon, NCLN20's direct competitor.

NCLN20 also requests declaratory relief in the form of a judicial determination that it had no obligations to issue a subcontract to AlliedBarton.

**Settlement and ADR:**

The parties have engaged in settlement discussions through counsel.  At present, however, the matter remains unresolved.  In the event these discussions do not prove fruitful, the parties intent to consider the best ADR option.

**Consent to Magistrate Judge For All Purposes:**

AlliedBarton does not consent to a Magistrate for all purposes.

**Other References:**

None at this time.

**Narrowing of Issues:**

None at this time.

**Expedited Schedule:**

The parties doe not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

**Scheduling:**

AlliedBarton's Proposal:

*ALLIEDBARTON v. NCLN20*  Case No. C 07 5204 PJH

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

Proposed date for designation of experts:  January 30, 2009September 5, 2008

Proposed discovery cut-off:  February 20, 2009September 19, 2008

Proposed hearing date on dispositive motions:  March 16, 2009October 3, 2008

Proposed pretrial conference date:  April 17, 2009October 20, 2008

Proposed trial date:  May 15, 2009November 3 2008

Jeremy:

> NCLN20's proposal:

> NCLN20  believes that discovery will be a lengthy process given the presence of witnesses in at least three states, and expected discovery motions concerning trade secret confidentiality and attorney-client privilege.

Proposed date for designation of experts:  June 5, 2009

Proposed discovery cut-off:  August 20, 2009

Proposed hearing date on dispositive motions:  September 25, 2009

Proposed pretrial conference date:  October 26, 2009

Proposed trial date:  December 1, 2009

**Trial:**

AlliedBarton's Position:

The case will be tried to a jury and it is expected to last 5/6 days.

NCLN20's position:

> NCLN20's claim for declaratory relief will require  a three day bench trial, while the rest of the case should require a 7 day jury trial.

**Disclosure of Non-party Interested Entities of Persons:**

*ALLIEDBARTON v. NCLN20*  Case No. C 07 5204 PJH

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

AlliedBarton has filed its "Certification of Interested Entities or Persons."  It is re-stated below:

A.     Plaintiff AlliedBarton Security Services, LLC

B.     Defendant NCLN20, Inc.

C.     Defendant Stephen Jones

D.     Defendant Sihaya Jones

**Other Matters:**

None at this time.

Dated:  March 17, 2008                          KNISBACHER LAW OFFICES

By:     _____
        ALDEN KNISBACHER
        Attorneys for Defendant
        NCLN20, INC.

Dated:  March 17, 2008                          KATTEN MUCHIN ROSENMAN LLP

By:     _____
        JEREMY D.F. GREY
        Attorneys for Plaintiff
        ALLIEDBARTON, LLC

*ALLIEDBARTON v. NCLN20*  Case No. C 07 5204 PJH

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*ALLIEDBARTON v. NCLN20*  Case No. C 07 5204 PJH

JOINT CASE MANAGEMENT CONFERENCE STATEMENT